340 So.2d 191 (1976)
STATE of Louisiana
v.
Charlie J. CRAIG.
No. 57706.
Supreme Court of Louisiana.
October 14, 1976.
*192 Nesib Nader, Samuel V. Prunty, Jr., Sheveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Albert S. Lutz, Jr., Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Charlie J. Craig, was charged by grand jury indictment with the crime of aggravated rape in violation of R.S. 14:42. After a sanity commission reported that Craig could not assist counsel in his defense, he was committed to the East Louisiana State Hospital for treatment. After two and one-half months of treatment another sanity commission found that Craig was capable of assisting counsel in the defense of his case and that he understood the nature of the proceedings against him. He pleaded not guilty and not guilty by reason of insanity. After a jury trial he was found guilty and sentenced to death. We affirm the conviction but remand for resentencing.
Assignment of Error No. 1
The defendant contends that the trial judge erred in denying a motion for a new trial on the grounds that the verdict was contrary to the law and evidence. This court has consistently held that such an allegation presents nothing for review. State v. Woods, 327 So.2d 405 (La.1976).
Assignment of Error No. 1 is without merit.
Assignment of Error No. 2
The defendant contends that the verdict was contrary to the medical evidence in the case. Two psychiatrists testified that, in their opinion, the defendant was insane at the time the crime was committed.
When a defendant pleads "not guilty and not guilty by reason of insanity" the court is prohibited from determining the defendant's sanity at the time of the offense: this question is reserved for the jury. State v. Link, 301 So.2d 339 (La.1974); State v. Eisenhardt, 185 La. 308, 169 So. 417 (1936), cert. den., 299 U.S. 512, 57 S.Ct. 49, 81 L.Ed. 378. The defendant has the burden of establishing the defense of insanity. C.Cr.P. 652.
In the instant case the jury considered all of the evidence and found the defendant guilty. While the defendant's contention that the verdict is contrary to the medical *193 evidence presents nothing for our review (State v. Woods, supra), we nonetheless note that there was other evidence tending to show that the defendant was in control of his faculties on the night of the crime. For example, the guard at the building where the rape occurred spoke with the defendant that night and testified that he appeared normal and spoke rationally. The police officer who gave defendant his Miranda warnings testified that defendant spoke and acted normally.
Assignment of Error No. 2 is without merit.
While we affirm Craig's conviction, we must remand for resentencing. In Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), the United States Supreme Court declared Louisiana's mandatory death penalty for first degree murder unconstitutional, because the jury is given no chance to consider aggravating or mitigating circumstances:
"The constitutional vice of mandatory death sentence statuteslack of focus on the circumstances of the particular offense and the character and propensities of the offenderis not resolved by Louisiana's limitation of first-degree murder to various categories of killings. The diversity of circumstances presented in cases falling within the single category of killings during the commission of a specified felony, as well as the variety of possible offenders involved in such crimes, underscores the rigidity of Louisiana's enactment and its similarity to the North Carolina statute. Even the other more narrowly drawn categories of first-degree murder in the Louisiana law afford no meaningful opportunity for consideration of mitigating factors presented by the circumstances of the particular crime or by the attributes of the individual offender." 428 U.S. 325, at page 333, 96 S.Ct. 3001, at page 3006.
Louisiana's mandatory death penalty for aggravated rape suffers the same constitutional infirmities. The jury is given no opportunity to consider mitigating or aggravating circumstances. Therefore, the death penalty for aggravated rape is unconstitutional under Roberts v. Louisiana, supra.
The defendant has thus been convicted of a crime whose penalty has been declared unconstitutional. This problem is not a new one, however. After the United States Supreme Court decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), which declared the death penalty as then applied unconstitutional, this court remanded murder and rape cases where death had been imposed for resentencing to life imprisonment. See e.g. State v. Franklin, 263 La. 344, 268 So.2d 249 (1972), a murder case; State v. Singleton, 263 La. 267, 268 So.2d 220 (1972), an aggravated rape case. The precedent for such action had been established in State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971), where the problems were discussed, and State v. Duplessis, 260 La. 644, 257 So.2d 135 (1971), following the reversal by the United States Supreme Court of our judgment "insofar as it imposes the death sentence" for a "Witherspoon" violation. Duplessis v. Louisiana, 403 U.S. 946, 91 S.Ct. 2282, 29 L.Ed.2d 856 (1971).
However, a different situation exists now than at the time of Franklin and Singleton, supra. At the time those cases were decided, C.Cr.P. 814 provided for a responsive verdict of "guilty without capital punishment" for murder and aggravated rape. C.Cr.P. 817, at that time, also authorized the "qualified" verdict of "guilty without capital punishment," in which case the sentence would be life imprisonment. Thus, reasoning that the responsive verdict of guilty without capital punishment was the next authorized verdict for the crime, we remanded for resentencing as if that verdict has been returned, and, under C.Cr.P. 817, life imprisonment was called for.
The situation has changed. In an attempt to overcome Furman's objections to the death penalty, the legislature amended the murder statute to provide for first and second degree murder, making death mandatory for first degree murder. Likewise, the death penalty for aggravated rape was *194 mandatory. To accomplish this, the legislature amended C.Cr.P. 814 to do away with the responsive verdict of "guilty without capital punishment" for first degree murder and aggravated rape. Thus, at the time this crime was committed, November 26, 1974, the only responsive verdicts to a charge of aggravated rape were guilty; guilty of attempted aggravated rape; guilty of simple rape; not guilty. Additionally, C.Cr.P. 817 was amended to delete the provision authorizing the qualifying verdict "guilty without capital punishment." Thus there is no longer any authority for us to remand an aggravated rape case for resentencing to life.
At the time (November 26, 1974) this crime was committed, attempted aggravated rape was punishable by imprisonment for not more than twenty years. R.S. 14:27 D(1). Simple rape carried a penalty of one to twenty years. R.S. 14:43. Thus, following the reasoning of Franklin and Singleton, supra, we remand this case for resentencing of defendant to the most serious penalty for the next lesser included offense. The legislature obviously intended to impose the most serious penalty available under the law. In this case, although there is a range of from one to twenty years, the most serious penalty is twenty years at hard labor.
Accordingly, the conviction is affirmed and the case is remanded for resentencing.
SANDERS, C. J., concurs in the conviction but dissents from the sentence and assigns written reasons.
SUMMERS, J., concurs with the holding on conviction, but dissents from the holding on penalty for the reasons assigned in my dissent in State v. Lee, La., 340 So.2d 180.
MARCUS, J., concurs in part and dissents in part and assigns reasons.
SANDERS, Chief Justice (concurring in affirmance of conviction but dissenting from the sentence).
I agree with Mr. Justice Summers that in adjusting to the decision of the United States Supreme Court in Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976), we need only remand the case for a sentence hearing by a jury to determine whether capital punishment should be imposed. In 1971, I advocated such a procedure following the United States Supreme Court decision in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968). See my dissent in State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971).
Absent majority agreement on the jury hearing procedure, however, I would order the trial judge to impose a sentence of life imprisonment. Reduction of the sentence for aggravated rape from death to twenty years is a far too drastic reduction. In my opinion, such a change does violence to legislative policy.
For the reasons assigned, I respectfully concur in the affirmance of conviction but dissent from the sentence.
MARCUS, Justice (concurring in part and dissenting in part).
I concur in the affirmance of defendant's conviction; however, I dissent from sentencing him to the most serious penalty for the next lesser included offense at the time of commission of the crime, simple rape, which crime carries a penalty of imprisonment at hard labor for not less than one nor more than twenty years. In my view, once the United States Supreme Court declared the imposition of the death penalty under Louisiana law unconstitutional, it left the crime of aggravated rape (La.R.S. 14:42) without a penalty. No matter what action this court takes, it constitutes imposing a penalty for a crime, aggravated rape, not fixed by the legislature. The legislature has designated certain of the most serious crimes as requiring the most severe penalty, i.e., mandatory death. Therefore, now that the death penalty has been declared unconstitutional by the United States Supreme Court in Roberts and Selman, (Selman v. Louisiana, ___ U.S. ___, 96 S.Ct. 3214, 49 L.Ed.2d 1212), we should substitute a penalty reflecting, as closely as possible, the intent *195 of the legislature. In the instant case, the lesser included offenses of attempted aggravated rape and simple rape are crimes of a materially different nature from the crime of aggravated rape with which the defendant in this case was charged and found guilty. For this reason, it is inappropriate in my opinion to impose the substantially reduced sentence authorized for commission of either one of those offenses. More in keeping with the legislative intent would be imposition of life imprisonment, which common sense dictates as the next logical choice of sentences when the mandatory death sentence is no longer available. This approach is supported by the intent manifested in La.R.S. 14:44 which provides for life imprisonment in lieu of mandatory death when the victim of an aggravated kidnapping is released unharmed. Accordingly, in the absence of another sentence more appropriate in terms of legislative intent to the specific offense charged, I would remand this case to the trial judge to impose a sentence of life imprisonment. To do otherwise is to invite the anomalous result that a defendant convicted of an offense for which the legislature has directed the most severe of punishments, may now receive a sentence less onerous than some penalties mandated for other crimes considered less heinous than the offense for which the defendant in this case was prosecuted and found guilty.