McDonald, j.
| ^Defendant, Tony Keith Straub, Jr., was charged by grand jury indictment with one count of aggravated rape of a victim under the age of thirteen years, a violation of La. *39 R.S. 14:42(A)(4), and pled not guilty. After a jury found defendant guilty as charged, the trial court sentenced defendant to life imprisonment at hard labor, and, in recognition of the Supreme Court’s ruling in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), added that defendant would have the benefit of potential parole at a later date. The trial court subsequently denied defendant’s post trial motions.
In an earlier appeal, State v. Straub, 2011-0155 (La.App. 1st Cir.6/10/11), 2011 WL 3557882 (unpublished), this court affirmed defendant’s conviction, but vacated defendant’s sentence and remanded this matter for resentencing because the trial court failed to rule on defendant’s post trial motions prior to sentencing. On remand, the trial court denied defendant’s post trial motions, and defendant waived all delays for resentencing. The trial court again sentenced defendant to life imprisonment at hard labor and stated that defendant would have the possibility of parole at a later date. Defendant now appeals, alleging one assignment of error pertaining to his resentencing.[1] For the following reasons, we affirm defendant’s sentence with instructions.

ASSIGNMENT OF ERROR

Defendant now argues that the trial court erred in resentencing him to life imprisonment with the possibility of parole. He specifically contends that the sentence imposed was illegally lenient under the provisions of the applicable sentencing statute. Relying on State v. Craig, 340 So.2d 191, 193-94 (La.1976) and Graham, defendant asserts that since the legislatively authorized punishment |sfor aggravated rape is unconstitutional in this case, the trial court should have imposed a sentence of ten to fifty years at hard labor, without benefit of parole, probation, or suspension of sentencing, consistent with the next authorized responsive verdict of attempted aggravated rape.
The United States Supreme Court’s decision in Graham held that the Eighth Amendment forbids the sentence of life without parole for a juvenile offender who did not commit homicide. A state need not guarantee the offender eventual release, but if it imposes a sentence of life it must provide him or her with some meaningful opportunity to obtain release before the end of that term. Graham, 560 U.S. at 48, 130 S.Ct. at 2030. Graham reflects the Supreme Court’s determination that juveniles are a special class of offenders deserving of special protections otherwise not accorded adult offenders, and for purposes of the Eighth Amendment, a juvenile is a person under the age of 18 years at the time of the offense. By adopting a categorical rule, Graham “gives all juvenile nonhomicide offenders a chance to demonstrate maturity and reform.” Graham, 560 U.S. at 48, 130 S.Ct. at 2030 & 2032.
After the trial court’s resentencing in this case, in State v. Shaffer, 2011-1756 (La.11/23/11), 77 So.3d 939 (per curiam), the Louisiana Supreme Court issued a per curiam opinion concerning three relators, Shaffer, Leason, and Dyer, who had been convicted of aggravated rape where the offenses were committed while the offenders were under the age of eighteen. See also State v. Leason, 2011-1757 (La.11/23/11), 77 So.3d 933 (per curiam); State v. Dyer, 2011-1758 (La.11/23/11), 77 *40 So.3d 928 (per curiam). In the consolidated applications, relators sought review following denial in the trial court of their motions to correct an illegal sentence and for relief from their terms of life imprisonment at hard labor. Relator Shaffer was convicted of aggravated rape committed while he was a | Juvenile and was sentenced to death. That sentence was subsequently vacated, and he was sentenced to life in prison at hard labor. Relator Leason was convicted of aggravated rape committed as a juvenile and was sentenced to life in prison at hard labor. Even though these two sentences did not preclude eligibility for parole, the relators argued that they were in fact ineligible for parole under La. R.S. 15:574.4(B), which states in pertinent part that no prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years. Relator Dyer was convicted of aggravated rape committed as a juvenile and was sentenced to life in prison at hard labor without the benefit of parole, probation, or suspension of sentence. All three relators argued that their sentences were illegal under Graham and that the proper remedy would be to resentence them according to the penalties provided for the lesser and included offense of attempted aggravated rape.
The Court found that the sentences of all three relators in Shaffer violated the mandate of the Graham case. However, it rejected the relators’ arguments that they should be resentenced to serve the penalty for attempted aggravated rape. The Court specifically held, relying on Graham, that the Eighth Amendment precludes the state from interposing the Governor’s ad hoc exercise of executive clemency as a gateway to accessing procedures the state has established for ameliorating long terms of imprisonment as part of the rehabilitative process to which inmates serving life terms for non-homicide crimes committed when they were under the age of 18 years would otherwise have access, once they reach the age of 45 years and have served 20 years of their sentences in actual custody. Shaffer, 77 So.3d at 942. In formulating the appropriate remedy to satisfy the mandate of Graham, as did the trial court upon resentencing in this case, the Court amended Dyer’s sentence to delete the restriction on parole eligibility. Further, the Department of Corrections was directed to revise Dyer’s prison master to reflect that his sentence |Bis no longer without the benefit of parole and to revise all three relators’ prison masters according to La. R.S. 15:574.4(A)(2) to reflect eligibility for consideration by the Board of Parole.[2] Shaffer, 77 So.3d at 942-43. The Court stated that its decision in Shaffer is “an interim measure (based on the legislature’s own criteria) pending the legislature’s response to Graham.”[3] Shaffer, 77 So.3d at 943 n. 6.
*41 The Court reiterated that it was not ordering the relators released on parole, stating that the determination of whether the relators may be released on parole falls within the exclusive purview of the Board of Parole, charged with the duty of ordering parole “only for the best interest of society, not as an award of clemency.” La. R.S. 15:574.4.1(B). The Court stated that access to the Board’s consideration will satisfy the mandate of Graham. Although the Shaffer court did not expressly overrule Craig (wherein the Louisiana Supreme Court remanded for resentencing for aggravated rape to the most serious penalty for the next available responsive ^verdict, which is attempted aggravated rape), it is clear that the Court considered and rejected the Craig remedy, albeit without explanation. Shaffer, 77 So.3d at 941 n. 3.
In the present case, we find that defendant’s legal position requires the same resolution granted to those relators in Shaffer. Defendant was born on April 23,1987, and he was convicted of aggravated rape committed between April 23, 2002 and June 1, 2004, while he was still a juvenile. Defendant was originally sentenced to serve a term of life imprisonment at hard labor, but the trial court expressly stated that defendant would have the benefit of possible parole at a later time. This court’s previous action vacating defendant’s original sentence was made purely as a result of the trial court’s failure to rule on defendant’s post trial motions prior to defendant’s sentencing. At the hearing on defendant’s resentenc-ing, the trial court again sentenced defendant to a term of life imprisonment at hard labor, with the possibility of parole.
Subsequent to the trial court’s resen-tencing of defendant, the Louisiana Supreme Court gave clear direction in Shof-fer as to the appropriate remedy in cases such as this one. We find that the trial court’s non-imposition of the parole restriction provided in La. R.S. 14:42(D)(1) is consistent with the mandate of Shaffer. The Department of Corrections is directed *42 to revise the defendant’s prison master according to the criteria in La. R.S. 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole.
Like the court in Shaffer, we reiterate that this court is not ordering the defendant’s release on parole. The determination of whether the defendant may be released on parole falls within the purview of the Board of Parole, which is charged with the duty of ordering parole “only for the best interest of society, not as an award of clemency.” La. R.S. 15:574.4.1(B). As noted in Shaffer, access to |7the Board’s consideration will satisfy the mandate of Graham. Shaffer, 11 So.3d at 943.
SENTENCE AFFIRMED WITH INSTRUCTIONS.

. The facts of the offense were not recited in defendant’s original appeal opinion because defendant did not challenge his conviction and because the victim of the crime is a juvenile. Because these facts are also irrelevant to the instant appeal, they are not set forth herein.

. Louisiana Revised Statute 15:574.4(A)(2) provides, in pertinent part, that:
[U]nless eligible for parole at an earlier date, a person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five. This provision shall not apply to a person serving a life sentence unless the sentence has been commuted to a fixed term of years.

. During the 2012 legislative session, the legislature passed 2012 I.a. Acts No. 466 in order to set forth parole criteria for juvenile non-homicide offenders who have been sentenced to life imprisonment. This act added the following provision, in pertinent part, to La. R.S. 15:574.4:
D.(l) Notwithstanding any provision of law to the contrary, any person serving a sen *41 tence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first degree murder (R.S. 14:30) or second degree murder (R.S. 14:30.1) shall be eligible for parole consideration pursuant to the following provisions of this Subsection if all of the following conditions have been met:
(a) The offender has served thirty years of the sentence imposed.
(b) The offender has not committed any disciplinary offenses in the twelve consecutive months prior to the parole eligibility date.
(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
(d) The offender has completed substance abuse treatment as applicable.
(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following:
(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(0 The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.
(h) If the offender was convicted of aggravated rape, he shall be designated a sex offender and upon release shall comply with all sex offender registration and notification provisions as required by law.
This provision became effective August 15, 2012.