WELCH, J.
|2The defendant, Stephen Walder, was originally sentenced to life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence, pursuant to an October 21, 1985 aggravated rape conviction for an offense committed when he was seventeen years old. The defendant’s conviction and sentence were affirmed on appeal. State v. Walder, 504 So.2d 991 (La.App. 1st Cir.), writ denied, 506 So.2d 1223 (La.1987). On April 28, 2011, following the United States Supreme Court ruling in Graham v. Florida, — U.S.-, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), the defendant filed a motion to correct illegal sentence. After a hearing on September 8, 2011, the trial court vacated the original sentence and resen-tenced the defendant to life imprisonment at hard labor without the benefit of probation or suspension of sentence, ruling that the defendant would be eligible for parole. The defendant now appeals, assigning error to the resentencing.[1] For the following reasons, we affirm the sentence with instructions.
ASSIGNMENTS OF ERROR
The defendant now contends that the trial court erred in resentencing him to life imprisonment with the benefit of parole. In assignment of error number one, the defendant argues that the trial court erred by failing to follow Louisiana Supreme Court precedent in resentencing him. In assignment of error number two, the defendant argues that the trial court erred by imposing a sentence that is not authorized by Louisiana law, thereby violating the separation of powers and engaging in judicial legislation. The defendant specifically contends that the sentence was not defined and that he will never actually receive the benefit of parole. Relying on State v. Craig, 340 So.2d 191, 193-94 (La.1976), and Graham v. Florida, the defendant asserts that, since the legislatively authorized | ^punishment for aggravated rape is unconstitutional in this case, the trial court should have imposed a sentence of up to fifty years, consistent with the next authorized responsive verdict of attempted aggravated rape. The defendant notes that the Louisiana legislature has long prohibited any prisoner sentenced to life imprisonment from becoming eligible for parole consideration unless the sentence is first commuted to a fixed term of years. The defendant argues that the trial court violated the constitutional separation of powers between the legislative and judicial branches, as well as, the legislature’s exclusive role in defining crimes and determining the range of punishment. The defendant alternatively argues that the application of the holding in State v. Shaffer, 2011-1756 (La.11/23/11), 77 So.3d 939 (per curiam), would remove the commutation requirement on his life sentence and allow him to be considered for parole at the age of forty-five.
The United States Supreme Court’s historic decision in Graham v. Florida held that the Eighth Amendment forbids the sentence of life imprisonment without parole for a juvenile offender who did not commit homicide. A State need not guarantee such an offender eventual *140 release, but if a sentence of life is imposed, the State must provide him or her with some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation. Graham v. Florida, — U.S. at-, 130 S.Ct. at 2030. Graham reflects the Supreme Court’s determination that juveniles are a special class of offenders deserving of special protections not accorded adult offenders, and for purposes of the Eighth Amendment, a juvenile offender is a person under the age of 18 years at the time of the offense. See id. By adopting a categorical rule, Graham “gives all juvenile nonhomieide offenders a chance to demonstrate maturity and reform.” Graham v. Florida, — U.S. at -, 130 S.Ct. at 2032.
After the trial court’s resentencing in this case, in State v. Shaffer, the Louisiana Supreme Court issued a per curiam opinion concerning three relators, |4Shaffer, Leason, and Dyer, who had been convicted of aggravated rape, where the offenses were committed while the offenders were under the age of eighteen. See also State v. Leason, 2011-1757 (La.11/23/11), 77 So.3d 933 (per curiam); State v. Dyer, 2011-1758 (La.11/23/11), 77 So.3d 928 (per curiam). In the consolidated applications, relators sought review following denial in the trial court of their motions to correct an illegal sentence and for relief from their terms of life imprisonment at hard labor. Relator Shaffer was convicted of aggravated rape committed while he was a juvenile and was sentenced to death. That sentence was vacated and he was sentenced to life in prison at hard labor. Relator Lea-son was convicted of aggravated rape committed as a juvenile and was sentenced to life in prison at hard labor. Even though these two sentences did not preclude eligibility for parole, Shaffer and Leason argued that they were in fact ineligible for parole under La. R.S. 15:574.4(B), which states in pertinent part that “[n]o prisoner serving a life sentence shall be eligible for parole consideration until his life sentence has been commuted to a fixed term of years.” Relator Dyer was convicted of aggravated rape committed as a juvenile and was sentenced to life in prison at hard labor without the benefit of parole, probation, or suspension of sentence. Therefore, all three relators argued that their sentences were illegal under Graham v. Florida. Relators argued that the proper remedy would be to resentence them according to the penalties provided for the lesser and included offense of attempted aggravated rape.
The Louisiana Supreme Court found that the sentences of all three relators violated the mandate of the Graham case. However, it rejected relators’ argument that they should be resentenced to serve the penalty for attempted aggravated rape. The Louisiana Supreme Court specifically held, relying on Graham, that the Eighth Amendment precludes the State from interposing the Governor’s ad hoc exercise of executive clemency as a gateway to accessing procedures the State has | .^established for ameliorating long terms of imprisonment as part of the rehabilitative process to which inmates serving life terms for non-homicide crimes committed when they were under the age of eighteen years would otherwise have access, once they reach the age of forty-five years and have served twenty years of their sentences in actual custody. Shaffer, 77 So.3d at 942. In formulating the appropriate remedy to satisfy the mandate of Graham, as did the trial court upon resentencing in this case, the Louisiana Supreme Court amended Dyer’s sentence to delete the restriction on parole eligibility. Further, the Department of Public Safety and Corrections was directed to revise Dyer’s prison master to reflect that his sentence was no longer without the benefit of parole and *141 to revise all three relators’ prison masters according to La. R.S. 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole.[2] Shaffer, 77 So.3d at 942-43. The Louisiana Supreme Court stated that the decision in Shaffer is “an interim measure (based on the legislature’s own criteria) pending the legislature’s response to Graham.” Shaffer, 77 So.3d at 943 n. 6.[3]
|fiThe Louisiana Supreme Court reiterated that it was not ordering relators released on parole, stating that the determination of whether relators may be released on parole falls within the exclusive purview of the Board of Parole, charged with the duty of ordering parole “only for the best interest of society, not as an award of clemency.” La. R.S. 15:574.4.1(B). The Louisiana Supreme Court stated that access to the Board’s consideration will satisfy the mandate of Graham. Shaffer, 77 So.3d at 943. Although the Shaffer court did not expressly overrule Craig (where, in a case involving inmates convicted of aggravated rape and sentenced to the death penalty, the Louisiana Supreme Court remanded for resentencing to the next available responsive verdict, which was attempted aggravated rape), it is clear that the Court considered and rejected the Craig remedy, albeit without explanation. Shaffer, 77 So.3d at 941 n. 3. Nevertheless, a court of appeal is bound to follow *142 the latest expression of law of the Louisiana Supreme Court. Oliver v. Magnolia Clinic, 2011-2132 (La.3/13/12), 85 So.3d 39, 44.
In the present case, we find that the defendant’s legal position is exactly the same as that of the relators in the Shaffer decision. The defendant here, who was born on October 5, 1967, was convicted of aggravated rape committed while a | juvenile and was originally sentenced to serve life in prison without the benefit of parole, probation, or suspension of sentence. Under Graham v. Florida, the portion of the sentence denying the defendant’s eligibility for parole for the entire term of his life sentence was illegal. Accordingly, at the hearing on the defendant’s motion to correct an illegal sentence in light of Graham v. Florida, the trial court resentenced the defendant to serve life in prison with eligibility for parole. Subsequent to the trial court’s decision, the Louisiana Supreme Court gave clear direction in Shaffer as to the appropriate remedy in cases such as this, and we are bound to follow that mandate. We find that the trial court’s deletion of the parole restriction contained in the defendant’s original sentence is consistent with the mandate in Shaffer. Thus, we find no merit in the assignments of error.
In further compliance with Shaffer, the Department of Public Safety and Corrections is directed to revise the defendant’s prison master to reflect that his sentence is no longer without benefit of parole. Further, the Department of Public Safety and Corrections is directed to revise the defendant’s prison master according to the criteria in La. R.S. 15:574.4(A)(2) to reflect an eligibility date for consideration by the Board of Parole. Like the court in Shaffer, we reiterate that this court is not ordering the defendant’s release on parole. The determination of whether the defendant may be released on parole falls within the purview of the Board of Parole, charged with the duty of ordering parole “only for the best interest of society, not as an award of clemency.” La. R.S. 15:574.4.1(B). As noted in Shaffer, access to the Board’s consideration will satisfy the mandate of Graham. Shaffer, 77 So.3d at 943.
CONCLUSION
For the foregoing reasons, the defendant’s sentence is affirmed with instructions.
AFFIRMED WITH INSTRUCTIONS.

. The facts of the offense as stated in the original appeal opinion are not relevant to the instant appeal and will not be recited herein.

. Louisiana Revised Statute 15:574.4(A)(2) provides, in pertinent part, that:
[U]nless eligible for parole at an earlier date, a person committed to the Department of Public Safety and Corrections for a term or terms of imprisonment with or without benefit of parole for thirty years or more shall be eligible for parole consideration upon serving at least twenty years of the term or terms of imprisonment in actual custody and upon reaching the age of forty-five. This provision shall not apply to a person serving a life sentence unless the sentence has been commuted to a fixed term of years.

. During the 2012 legislative session, the legislature passed 2012 La. Acts No. 466 in order to set forth parole criteria for juvenile non-homicide offenders who have been sentenced to life imprisonment for certain offenses. This act added the following provision, in pertinent part, to La. R.S. 15:574.4:
D.(l) Notwithstanding any provision of law to the contrary, any person serving a sentence of life imprisonment who was under the age of eighteen years at the time of the commission of the offense, except for a person serving a life sentence for a conviction of first degree murder (R.S. 14:30), or second degree murder (R.S. 14:30.1) shall be eligible for parole consideration pursuant to the provisions of this Subsection if all of the following conditions have been met:
(a)The offender has served thirty years of the sentence imposed.
(b) The offender has not committed any disciplinary offenses in the twelve consecutive months prior to the parole eligibility date.
(c) The offender has completed the mandatory minimum of one hundred hours of prerelease programming in accordance with R.S. 15:827.1.
(d) The offender has completed substance abuse treatment as applicable.
(e) The offender has obtained a GED certification, unless the offender has previously obtained a high school diploma or is deemed by a certified educator as being incapable of obtaining a GED certification due to a learning disability. If the offender is deemed incapable of obtaining a GED certification, the offender shall complete at least one of the following;
(i) A literacy program.
(ii) An adult basic education program.
(iii) A job skills training program.
(f) The offender has obtained a low-risk level designation determined by a validated risk assessment instrument approved by the secretary of the Department of Public Safety and Corrections.
(g) The offender has completed a reentry program to be determined by the Department of Public Safety and Corrections.
(h) If the offender was convicted of aggravated rape, he shall be designated a sex offender and upon release shall comply with all sex offender registration and notification provisions as required by law.
This provision was effective August 1, 2012.