NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-1062

STATE OF LOUISIANA

VERSUS

CHAKHA DANNY JAMES

\*\*\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 240,893
HONORABLE MONIQUE FREEMAN RAULS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

ELIZABETH A. PICKETT
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy H. Ezell, and Candyce G. Perret, Judges.

CONVICTION AND SENTENCE AFFIRMED.
MOTION TO WITHDRAW GRANTED.

Phillip Terrell, Jr.
District Attorney – Ninth Judicial District Court
P. O. Box 1472
Alexandria, LA 71309
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

Christopher Albert Aberle
Louisiana Appellate Project
P.O. Box 8583
Mandeville, LA 70470
(985) 871-4084
COUNSEL FOR APPELLANT:
    Chakha Danny James

**Chakha Danny James, Pro Se**
**Louisiana State Penitentary**
**Oak - 1**
**Angola, LA 70712**

**PICKETT, Judge.**

In 1999, the defendant Chakha Danny James pled guilty to second degree murder; the district court sentenced him to life in prison without parole eligibility. After the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 132 S.Ct. 2455 (2012), the defendant sought to be resentenced; on March 27, 2017, the district court granted him parole eligibility. On June 14, 2017, the state filed a "Motion to Correct Sentence Without Hearing." In response, the district court signed an order affirming the defendant's parole eligibility.

Counsel has filed a brief seeking to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). He alleges there are no non-frivolous issues to raise on appeal, as the defendant has received the relief to which he was entitled under *Miller*. Our analysis indicates the motion to withdraw should be granted.

## FACTS

As counsel observes, the underlying facts of the case are not relevant to the current discussion, which is based upon a resentencing proceeding.

## *ANDERS* ANALYSIS

Pursuant to *Anders*, the defendant's appellate counsel filed a brief stating that he made a conscientious and thorough review of the trial court record and could find no errors on appeal that would support reversal of the defendant's conviction or sentence. Thus, counsel seeks to withdraw. The state has filed a brief in agreement with appellate counsel's request to withdraw. Also, the defendant has filed a pro se brief.

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit explained the *Anders* analysis:

When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

Appellate counsel's *Anders* brief must review the record and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177. Counsel states that the defendant received the sole relief to which he is entitled, pursuant to the jurisprudence. Our research indicates counsel is correct. *State v. Doise*, 15-713 (La.App. 3 Cir. 2/24/16), 185 So.3d 335, *writ denied*, 16-546 (La. 3/13/17), 216 So.3d 808; *State v. Sumler*, 51,324 (La.App. 2 Cir. 5/2/17), 219 So.3d 503.[1]

Pursuant to *Anders*, 386 U.S. 738, and *Benjamin*, 573 So.2d 528, this court has performed a thorough review of the record, which consists in relevant part of the minutes and transcript of the resentencing hearing conducted on March 27, 2017, along with the various motions that led to that hearing. The defendant was represented by counsel. As already noted, the court granted him the sole relief to which he was entitled.

---

[1]This court recently came to the same conclusion, although the case has not yet been released for publication. *State v. Thomas*, 17-620 (La.App. 3 Cir. 12/6/17), ___ So.3d ___ (2017 WL 6029608).

2

The defendant has filed a pro se brief arguing that he is entitled to different relief. He raises the following arguments:

THE TRIAL COURT DENIED APPELLANT LIBERTY WITHOUT DUE PROCESS WHEN IT FAILED TO SENTENCE HIM TO A PENALTY LEGISLATIVELY PRESCRIBED AFTER THE U.S. SUPREME COURT EXCISED SENTENCES OF LIFE WITHOUT PAROLE ON JUVENILE OFFENDERS UNDER 18 YEARS OLD "WHOSE CRIME REFLECTS UNFORTUNATE YET TRANSIENT IMMATURITY."

THE TRIAL COURT VIOLATED APPELLANT'S FIFTH AMENDMENT RIGHT TO FAIR WARNING AND PROTECTION AGAINST "UNFORESEEABLE AND RETROACTIVE JUDICIAL EXPANSION OF NARROW AND PRECISE STATUTORY LANGUAGE" WHEN IT AMENDED APPELLANT'S SENTENCE AND RETROSPECTIVELY APPLIED PAROLE GUIDELINES PROMULGATED AFTER HE COMMITTED HIS OFFENSE.

THE TRIAL COURT VIOLATED EX POST FACTO CLAUSE WHEN IT RETROACTIVELY APPLIED PAROLE GUIDELINES PROMULGATED AFTER APPELLANT COMMITTED HIS OFFENSE AND THOSE GUIDELINES RESULTED IN AN INCREASED MEASURE OF PUNISHMENT ATTACHED TO THE COVERED CRIME.

THE TRIAL COURT VIOLATED THE SUBSTANTIVE CONSTITUTIONAL RULE CHANGE ANNOUNCED IN MILLER V. ALABAMA AND MONTGOMERY V. LOUISIANA THAT THE EIGHTH AMENDMENT GUARANTEES A JUVENILE OFFENDER UNDER THE AGE OF 18 YEARS OLD "WHOSE CRIME REFLECTS UNFORTUNATE YET TRANSIENT IMMATURITY" "AN INDIVIDUALIZE[D] SENTENCE."

THE TRIAL COURT DENIED APPELLANT DUE PROCESS WHEN IT REFUSED TO CONSIDER HIS MOTION FOR RECONSIDERATION OF HIS EXCESSIVENESS SENTENCE.

His first argument is an attempt to obtain a sentence for the next most severe offense, rather than the relief he received. Such arguments have been turned away by Louisiana courts, as the second circuit has explained:

Keith maintains he should be resentenced under [*State v.*] *Craig*, [340 So.2d 191 (La. 1976)], to the next lesser included offense of manslaughter - a maximum sentence of 40 years at hard labor. In

3

1976, the Louisiana Supreme Court held in *Craig* that Louisiana's mandatory death penalty for aggravated rape is unconstitutional. The *Craig* court concluded the appropriate remedy to correct this now illegal sentence was to remand the case for resentencing of the defendant to the most serious penalty for the next lesser included offense. *Id*., at 193-94. *Craig* followed a prohibition of mandatory death sentences by the United States Supreme Court, which applied to *all* offenders currently sentenced to death without a hearing in which to present mitigating factors, and not exclusively to juveniles like *Miller, supra*. Thus, *Craig* eliminated the possibility of a mandatory death sentence entirely, necessitating vacating those now illegal sentences and resentencing to the most severe sentence for the next lesser included offense. Conversely, *Miller* did not eliminate the possibility of a life sentence for juvenile homicide offenders; it simply held sentencing to life imprisonment at hard labor, without parole eligibility, is unconstitutional if the defendant is denied a meaningful opportunity to present mitigating factors - such as, the attendant qualities of youth.

The application of the *Miller* and *Montgomery* [*v. Louisiana*, 136 S.Ct. 718 (216)] decisions is far more analogous to the Louisiana Supreme Court's response to *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed. 2d 825 (2010), in which the United States Supreme Court held that the United States Constitution's Eighth Amendment precludes sentencing a juvenile to life imprisonment without the possibility of parole for a non-homicide offense. In *State v. Shaffer*, 2011-1756 (La. 11/23/11), 77 So.3d 939, three defendants sought relief from their life sentences following *Graham*, and claimed their convictions for aggravated rape committed while juveniles were now illegal. The Louisiana Supreme Court rejected the defendants' argument that they should be sentenced under the lesser included offense of attempted aggravated rape as was done in *Craig*, *supra*. Further, instead of remanding the cases for resentencing, the Louisiana Supreme Court amended the defendants' life sentences to delete the restriction on parole eligibility. Accordingly, *Craig* relief is inapplicable to Keith's circumstances, and the trial court did not err in following *Montgomery*.

*State v. Keith*, 51,389, pp. 5-6 (La.App. 2 Cir. 6/21/17), 223 So.3d 767, 770-71

(footnotes omitted).

We find that the second and third assignments are essentially arguments that the application of current parole guidelines and recent jurisprudence to his sentence is an improper ex post facto application of law. However, this is not the case, as the *Miller*-related jurisprudence has not increased the defendant's punishment.

Instead, it has provided him with possible relief on his sentence, albeit not as much relief as he now seeks.

In his fourth assignment, the defendant complains the sentence was not individualized to him, and in his fifth and final pro se assignment of error, he argues the district court failed to consider any mitigating factors at the resentencing hearing. As noted earlier, the defendant pled guilty to second degree murder and received the mandatory sentence of life imprisonment. Due to recent jurisprudence arising from *Miller*, he has received the benefit of eligibility for parole. As his appellate counsel observes, this is the only relief to which he is entitled.

We find that the defendant received the sole relief required by law; no non-frivolous issue remains for review. Accordingly, the conviction and sentence are affirmed, and counsel's motion to withdraw is granted.

**CONVICTION AND SENTENCE AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**