BLEICH, J. (Pro Tempore)
11 This criminal appeal arises from the First Judicial District Court, Caddo Parish, Louisiana. In 1998, the defendant, Audy W. Keith, Jr., pled guilty to second degree murder, a violation of La. R.S. 14:30.1, and- received the statutorily mandated sentence of life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. Following the per curiam decision in State v. Montgomery, 2013-1163 (La. 06/28/16), 194 So.3d 606 (“Montgomery”), the trial court vacated Keith’s original, sentence and re-sentenced him to life imprisonment at hard labor, with the benefit of parole eligibility and credit for time served. Keith now appeals his sentence, which we affirm for the following reasons.
*769 FACTS
On January 30, 1996, Audy Keith, then 16 years old, met with Danny Irish and Kristee Kline at their trailer in Caddo Parish, Louisiana. Irish was in need of money and formulated a plan to rob and murder Russ Rowland, who owned the trailer. Irish called Rowland from a payphone and asked him to come by the trailer to collect overdue rent. Keith was enlisted to help carry out this plan. When Rowland arrived,' Keith shot him in the abdomen with a 12-gauge shotgun, and Rowland fell on his back. Then, Irish shot Rowland with a rifle and dragged his body into the trailer. Keith took Rowland’s wallet from his truck and gave it to Irish, while Kline cleaned up the' blood on the carpet.[1]
12Keith and Irish were both charged with first degree murder by grand jury indictment.- Keith initially pled not guilty to the charges; however, to avoid the death penalty, he withdrew that plea. In exchange for the lesser charge of second degree murder, Keith agreed to plead guilty and testify against Irish. The trial court informed Keith of his constitutional rights,, accepted the guilty plea, and sentenced him to the mandatory sentence for second degree murder of life imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence.
In 2013, in light of Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed. 2d 407 (2012), Keith filed a motion to correct his illegal sentence and requested a resen-tencing hearing. Miller held that a mandatory sentencing scheme that denies parole eligibility for those convicted of a homicide committed while the offender was a juvenile violates the United States Constitution’s Eight Amendment prohibition against cruel and unusual punishment. In 2016, Montgomery v. Louisiana, — U.S. -, 136 S.Ct. 718, 193 L.Ed. 2d 599 (2016), held that Miller applied retroactively to defendants whose convictions and sentences were Anal prior tó the decision in Miller, Keith was resentenced in accordance with Montgomery in which the Louisiana Supreme Court directed that La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E), which were enacted by the Louisiana legislature to comply with Miller, should also be applied to cases being resentenced retroactively on collateral review.
Although Keith was not granted a resen-tencing hearing, his sentence was vacated, and he was resenteneed to life imprisonment at hard labor, with parole eligibility and .credit for time served. Keith filed a motion to reconsider his new sentence, which was denied, and this appeal followed.
^DISCUSSION
In his appeal, Keith urges three assignments of error.[2] In his first assignment of error, Keith argues that the legislature has sole authority to create sentencing ranges for crimes, and the Louisiana Supreme Court was not authorized to establish the parameters of life imprisonment at hard labor, with or without parole eligibility in juvenile homicide cases. Additionally, Keith argues his new sentence violates his constitutional protections against ex post facto laws, and claims entitlement to the penalty for the next lesser *770 included offense, citing State v. Craig, 340 So.2d 191 (La. 1976).
In Miller, supra, the United States Supreme Court did not establish a categorical prohibition against life imprisonment at hard labor, without parole for juvenile homicide offenders; instead, Miller requires the sentencing court to consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. State v. Williams, 2012-1766 (La. 03/08/13, 108 So.3d 1169. The Miller decision drew a distinction between children whose crimes reflect transient immaturity and those few whose crimes reflect irreparable corruption. Miller, supra, 567 U.S. at 479-80, 132 S.Ct. at 2469; State v. Calhoun, 51,337 (La. App. 2 Cir. 05/17/17), 222 So.3d 903, 2017 WL 2131500.
The Louisiana legislature declined to enact proposed amendments to the law during the 2016 legislative session following Montgomery v. Louisiana, supra. Therefore, upon remand, the Louisiana Supreme Court applied existing laws, and directed lower courts to do the same, stating:
Therefore, in the absence of further legislative action, the previously enacted provisions should be used for the resen-tencing hearings that must now be conducted on remand from the United States Supreme Court to determine whether Henry Montgomery, and other prisoners like him, will be granted or denied parole eligibility. Certainly, the legislature is free within constitutional contours to enact further laws governing these resentencing hearings but in the absence of such legislation, this court must provide guidance to the lower courts on the pending cases.
Montgomery, — U.S. at -, 136 S.Ct. at -, 193 L.Ed.2d at 608.[3]
The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. Massey v. Louisiana Dep’t of Pub. Safety & Corr., 2013-2789 (La. 10/15/14), 149 So.3d 780, 783. For those offenders convicted of second degree murder in Louisiana, La. R.S. 14:30.1 provides for a sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence.
The constitutional ex post facto clauses prohibit the legislature from passing a law that (1) imposes punishment for an act that was not punishable at the time the act was committed, and (2) imposes a more severe punishment. U.S. Const. art. I, § 10; La. Const. art. I, § 23; Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed. 2d 17 (1981). An ex post facto inquiry determines whether the retroactive application of a law increases the defendant’s potential punishment by prolonging incarceration. Massey, supra. To prove that a state law violates the ex post facto | ^protection, a defendant must show that the law subjects the defendant to a more severe punishment or longer incarceration than the defendant would previously have been subjected to, prior to the enactment of the statute. Id.
Keith maintains he should be resen-tenced under Craig, supra, to the next lesser included offense of manslaughter—a maximum sentence of 40 years at hard labor. In 1976, the Louisiana Supreme Court held in Craig that Louisiana’s mandatory death penalty for aggravated rape is unconstitutional. The Craig court con- *771 eluded the appropriate remedy to correct this now illegal sentence was to remand the case for resentencing of the defendant to the most serious penalty for the next lesser included offense. Id., at 193-94. Craig followed a prohibition of mandatory death sentences by the United States Supreme Court, which applied to all offenders currently sentenced to death without a hearing in which to present mitigating factors, and not exclusively to juveniles like Miller, supra.[4] Thus, Craig eliminated the possibility of a mandatory death sentence entirely, necessitating vacating those now illegal sentences and resentencing to the most severe sentence for the next lesser included offense. Conversely, Miller did not eliminate the possibility of a life sentence for juvenile homicide offenders; it simply held sentencing to life imprisonment at hard labor, without parole eligibility, is unconstitutional if the defendant is denied a meaningful opportunity to present mitigating factors—such as, the attendant qualities of youth.
The application of the Miller and Montgomery decisions is far more analogous to the Louisiana Supreme Court’s response to Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed. 2d 825 (2010), in which the United States ^Supreme Court held that the United States Constitution’s Eighth Amendment precludes sentencing a juvenile to life imprisonment withodt the possibility of parole for a non-homicide offense. In State v. Shaffer, 2011-1756 (La. 11/23/11), 77 So.3d 939, three defendants sought relief from their life sentences following Graham, and claimed their convictions for aggravated rape committed while juveniles were now illegal.[5] The ■ Louisiana Supreme Court rejected the defendants’ argument that they should be sentenced under the lesser included offense of attempted aggravated rape as was done in Craig, supra. Further, instead of remanding the cases for resentencing, the Louisiana Supreme Court amended the defendants’ life sentences to delete the restriction on parole eligibility. Accordingly, Craig relief is inapplicable to Keith’s circumstances, and the trial court did not err in following Montgomery.[6]
The punishment for a conviction of second degree murder was not categorically eliminated by Miller, and remains the same today as it was in 1996 when Keith committed the offense for which he was convicted. Moreover, Keith’s sentence exposure for second degree murder after Miller, in accordance with La. C. Cr. P. art. 878.1 and La. R.S..15:574.4(E), is the same today as it was at the time of Keith’s offense—life imprisonment at hard labor without benefit of parole—except now, the less harsh sentence of life imprisonment at hard labor with eligibility for parole is available to juvenile homicide offenders. Accordingly, Keith’s argument that he should be sentenced to the penalty for manslaughter is meritless. Further, Keith’s |ylife sentence does not violate the ex post facto clauses because the statutes in question do not subject him to a harsher sentence or a longer period of incarceration; therefore, this assignment of error is without merit.
In his second assignment of error, Keith argues he' was denied a meaningful sentencing hearing in which to present miti *772 gating factors to prove eligibility for relief under State v. Dorthey, 623 So.2d 1276 (La. 1993).
Louisiana C. Gr. P. art. 878.1.1 incorporates the Miller directive to conduct a hearing prior to sentencing juvenile homicide offenders to life imprisonment at hard labor without the benefit of parole. After Miller, the question of retroactivity remained. The United States Supreme Court addressed the concern that the retroactive application of Miller would create an undue hardship on courts:
Giving Miller retroactive effect, moreover, does not require States to reliti-gate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity—and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
Montgomery v. Louisiana, supra, at 736. (Emphasis added, internal citations- omitted.) Eligibility for parole is the sole question to be answered in a Miller hearing. Montgomery, — U.S. at -, 136 S.Ct. at -, 193 L.Ed.2d at 610, J. Crichton concurring.
As discussed above, Miller and Montgomery did not prohibit the sentencing of juvenile homicide offenders to life imprisonment at hard labor without benefit of parole, but simply mandated a hearing is required, in which the offender may present mitigating factors before parole eligibility |scan be denied. Clearly, the appropriate remedy for juvenile homicide offenders convicted pre-Miller is to resen-tence without the restriction on parole, unless the offender is irreparably corrupt or one of the worst offenders. In the latter instance, a Miller hearing is required before a juvenile offender can be sentenced to life imprisonment at hard labor, without benefit of parole.
Here, the state conceded Keith is' not one of. the worst offenders, and it agreed to resentencing without parole restriction; therefore, Keith has received the most lenient sentence available to him under the current law. No resentencing hearing was required, because no . amount of mitigating evidence would warrant- a sentence of anything less than life imprisonment at hard labor with the benefit of parole eligibility. The trial court was authorized to resentence Keith under Miller and Montgomery v. Louisiana, and was bound to follow the Louisiana Supreme Court’s directive in Montgomery to resen-tence Keith pursuant to La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E). This assignment of error has no merit. -
Finally, in his third assignment of error, Keith argues the trial court erred by sentencing him to life imprisonment at hard labor with eligibility for parole, but without determining when he would become “parole board eligible,” We disagree. The statutory requirements for parole eligibility applicable to juvenile homicide offenders are clearly defined by La. R.S. 15:574.4(E), and Keith will become eligible for parole upon his compliance with those requirements and favorable evaluation by the Department of Public Safety and Corrections parole board.
^CONCLUSION .
For the reasons herein, we affirm the conviction and sentence of Audy W. Keith of life imprisonment at hard labor, with *773 the benefit of parole eligibility'and credit for time served.
AFFIRMED.

. The precise facts of Russ Rowland’s murder are detailed in State v. Irish, 2000-2086 (La. 01/15/02), 807 So.2d 208.

. Pro se assignments of error were filed by Keith in his notice of appeal, but no pro se brief was filed; therefore, these assignments of error are not considered herein. U.R.C.A. Rule 2-12.4(B)(4). Notably, Keith’s pro se assignments are roughly similar to those set forth in the counseled appeal brief.

. A proposal to amend La. C. Cr. P. art. 878.1 and La. R.S. 15:754.4 is once again before the legislature. See La. S.B. 16 (Reg. Sess. 2017).

. See Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed. 2d 974 (1976).

. State v. Shaffer has been superseded in part by amendments and enactments to La. R.S. 15:574.4.

.See also State v. Leason, 2011-1757 (La. 11/23/11), 77 So.3d 933.