BLEICH, J. (Pro Tempore )
This criminal appeal arises from the 26th Judicial District Court, Webster Parish, Louisiana. In 1980, Jerome Hudson was convicted of second degree murder, a violation of La. R.S. 14:30.1, and sentenced to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. Hudson appealed directly to the Louisiana Supreme Court, which affirmed Hudson's conviction and sentence. On August 8, 2016, pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed. 2d 599 (2016), Hudson was resentenced to life imprisonment with benefit of parole. This appeal followed. For the following reasons, we affirm Hudson's conviction and amend the sentence.
FACTS
On October 18, 1979, Jerome Hudson, then a 16-year-old high school student, informed Mr. Garfield Lewis and his wife that they had been selected by a school *279 club in Springhill to receive free groceries and gasoline as part of the club's project to assist older persons in the community. The next morning Hudson arrived at the Lewis home and left with Mr. Lewis in his car to pick up the prizes. Later that day, Hudson returned to the Lewis home alone, and told Mrs. Lewis he had left Mr. Lewis in town.
Mrs. Lewis went into town to look for her husband, but when she could not find him, reported his disappearance to the police. Mrs. Lewis told the police about the school project and that her husband was last seen driving off with Hudson. She also informed the police that she noticed Hudson was wearing different pants when he returned to her house later in the day.
During the police investigation, officers found a pair of pants in Hudson's room at his parents' home with a red stain, and also found a butcher knife in one of the pockets of those pants. During questioning, Hudson initially stated that Mr. Lewis had gotten into a fight with a man who had flagged him down while they were driving on the highway. Hudson led police to the alleged scene of the fight where they found Mr. Lewis' body. After further questioning, Hudson admitted to killing Mr. Lewis.[1]
A bill of indictment was filed charging Hudson, who was under the age of 18 at the time, with second degree murder. Hudson entered a plea of not guilty. Motions to suppress physical evidence were denied by the trial court. A three-day trial commenced on April 22, 1980, after which the jury found Hudson guilty of second degree murder. The trial court sentenced Hudson to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. The Louisiana Supreme Court affirmed Hudson's conviction and sentence on appeal.
On February 28, 2013, Hudson filed a pro se motion to correct an illegal sentence pursuant to Miller, supra. Upon motion by the state, the trial court stayed the matter pending a ruling by the Louisiana Supreme Court regarding the issue of the retroactivity of Miller. In 2016, Hudson amended his motion to incorporate the ruling in Montgomery v. Louisiana, supra.
On August 8, 2016, the trial court resentenced Hudson to "life imprisonment with the benefit of parole." Hudson appealed his new sentence to the Louisiana Supreme Court, which remanded Hudson's appeal to the Second Circuit Court of Appeal on the basis that this Court now has appellate jurisdiction over Hudson's appeal.[2]
DISCUSSION
Hudson urges three assignments of error on appeal, all of which involve the constitutionality of his sentence. Those assignments are addressed without distinction, and summarily dismissed as meritless.
The law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. Massey v. Louisiana Dep't of Pub. Safety & Corr. , 2013-2789 (La. 10/15/14), 149 So.3d 780, 783. For those offenders convicted of second degree murder in Louisiana, the law provides for a sentence of life imprisonment at hard labor *280 without the benefit of parole, probation or suspension of sentence. La. R.S. 14:30.1(B).
In Miller , supra , the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders. However, Miller did not establish a categorical prohibition against life imprisonment at hard labor without parole for juvenile homicide offenders; instead, it requires the sentencing court to consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. State v. Keith , 51,389 (La. App. 2 Cir. 06/21/17), 223 So.3d 767. The Miller decision drew a distinction between children whose crimes reflect transient immaturity and those whose crimes reflect irreparable corruption. Miller , supra , 567 U.S. at 479-80, 132 S.Ct. at 2469 ; State v. Calhoun , 51,337 (La. App. 2 Cir. 05/17/17), 222 So.3d 903.
The Louisiana Supreme Court in State v. Montgomery, supra , held that courts should utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4(E) when reviewing sentences for juvenile homicide defendants sentenced before Miller. Those statutes require a trial court to conduct a hearing before imposing a life without parole sentence on a juvenile homicide offender. State v. Keith, supra ; State v. Calhoun , supra.
Recently, the Louisiana Legislature amended La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4. See Acts 2017, No. 277, effective August 1, 2017. Louisiana C. Cr. P. art. 878.1(B)(1), now states, in pertinent part:
If an offender was indicted prior to August 1, 2017, for ... second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017 , to determine whether the offender's sentence should be imposed with or without parole eligibility, the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole ... If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination pursuant to the provisions of this Article.
(Emphasis supplied).
In one of his assignments of error, Hudson argues the trial court erred by not determining when he would become parole eligible. The legislature has now clearly statutorily defined parole eligibility for Hudson, and for similarly situated offenders. Louisiana R.S. 15:574.4(E) and (F) outline the qualifications for parole eligibility for first and second degree homicide offenders respectively. The trial court did not err in failing to address such eligibility, and this assignment of error has no merit.
In another assignment of error, Hudson argues his sentence violates the constitutional ex post facto clauses, which prohibit the legislature from passing a law that imposes punishment for an act that was not punishable at the time the act was committed, and imposes a more severe punishment. U.S. Const. art. I, § 10; La. Const. art. I, § 23 ; Weaver v. Graham , 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). To prove a state law violates the ex post facto protection, a defendant must show that the law subjects him to a more severe punishment or longer incarceration than he would previously have been subjected to, prior to the enactment of the statute. Massey , supra.
*281 Hudson's life sentence does not violate the ex post facto clauses because the statute in question does not subject him to a harsher sentence or a longer period of incarceration. His sentence exposure for second degree murder after Miller , supra , is the same today as it was at the time of his offense-life imprisonment at hard labor without benefit of parole-except now, the less harsh sentence of life imprisonment at hard labor with eligibility for parole is available to homicide offenders who were under the age of 18 years at the time of the offense. The penalty for Hudson's offense-second degree murder-has not been redefined and his penalty exposure has not been increased, and thus his argument is meritless.
In his third assignment of error, Hudson argues that the trial court should have followed State v. Craig , 340 So.2d 191 (La. 1976), and resentenced him to the most serious penalty for the next lesser included offense in effect at the time he committed the offense. This proposition has been soundly rejected by the courts. State v. Shaffer , 2011-1756 (La. 11/23/11), 77 So.3d 939 ; State v. Leason , 2011-1757 (La. 11/23/11), 77 So.3d 933 ; State v. Keith, supra ; State v. Calhoun , supra ; State v. Williams , 15-0866 (La. App. 4 Cir. 01/20/16), 186 So.3d 242, writ denied , 2016-0332 (La. 03/31/17), 217 So.3d 358 ; State v. Graham , 14-1769 (La. App. 1 Cir. 04/24/15), 171 So.3d 272, writ denied , 2015-1028 (La. 04/08/16), 191 So.3d 583. Accordingly, Craig relief is inapplicable to Hudson's circumstances, the trial court did not err in following Montgomery , and this assignment of error is without merit.
Patent Error
Hudson was originally sentenced to life imprisonment at hard labor without the benefit of parole, probation or suspension of sentence. Louisiana R.S. 14:30.1 is a mandatory felony, requiring any sentence to be served at hard labor. The trial court's resentencing of Hudson to "life imprisonment with benefit of parole" was too lenient as it failed to include the requirement that Hudson's life imprisonment be served at hard labor. The error is harmless and self-correcting; therefore, Hudson's life sentence is hereby amended to reflect that it is to be served at hard labor with the benefit of parole in accordance with La. R.S. 15:574.4(E). See State v. Foster , 50,535 (La. App. 2 Cir. 04/13/16), 194 So.3d 674, 679.
CONCLUSION
For the foregoing reasons, Jerome Hudson's conviction and sentence are affirmed. His life sentence is amended to reflect that it is to be served at hard labor.
AFFIRMED.

A complete outline of the facts in this matter is found in the Louisiana Supreme Court opinion, State v. Hudson , 404 So.2d 460 (La. 1981).

Prior to 1982, the Louisiana Supreme Court retained exclusive appellate jurisdiction to decide criminal appeals where the defendant had been convicted of a felony. See La. Const. art. V, § 5 (E).