MOORE, J.
Frederick Thompson Jr. appeals a judgment that resentenced him to life imprisonment at hard labor, with the benefit of parole eligibility, for a homicide committed in 1992, when he was 17 years old. We affirm.
FACTS AND PROCEDURAL BACKGROUND
On the afternoon of September 20, 1992, Steven Potter was emptying trash into a Dumpster on Norris Ferry Road, in Caddo Parish. Someone came up behind him, shot him in the back of the head with a .38 caliber revolver, dragged his body to a nearby road, and drove off in his car. The next day, police spotted Thompson riding around in Potter's car. They stopped and questioned him, and, based on information he provided, arrested him and two accomplices for the first degree murder of Potter. At the time of the crime, Thompson was 17 years old.
The state indicted Thompson for first degree murder. He initially pled not guilty, but when the state filed notice of intent to seek the death penalty, he entered a best-interest plea of guilty without capital punishment, pursuant to North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In September 1993, the district court sentenced him to the mandatory life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Thompson did not appeal.
Nearly 20 years later, the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Thompson filed a motion to correct an illegal sentence, pursuant to Miller , in October 2012.
Four years later, the United States Supreme Court held that Miller applied retroactively. Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). Thompson filed an amended *305 motion to correct an illegal sentence, pursuant to Montgomery , in April 2016.
Thompson proceeded to a hearing on his motions on September 26, 2016. The state did not express intent to make a showing, pursuant to La. C. Cr. P. art. 878.1B, that Thompson was a rare juvenile offender whose crime reflects irrevocable corruption. The district court resentenced him to life imprisonment with the possibility of parole, pursuant to La. R.S. 15:574.4E.
Thompson filed an application for supervisory review, which this court granted as a timely motion for appeal. Through counsel, Thompson has designated three assignments of error; he has also filed a pro se brief.
DISCUSSION
Denial of Resentencing Hearing
By his first assignment of error, Thompson urges the court erred in resentencing him to life with parole, pursuant to R.S. 15:574E, without holding a resentencing rehearing, pursuant to Miller v. Alabama , supra , to determine the appropriate sentence for a person who was unconstitutionally sentenced to die in prison as a child, thereby denying individualized sentencing and an opportunity to develop a record for alternative sentencing under State v. Dorthey , 623 So.2d 1276 (La. 1993), and State v. Fobbs , 99-1024 (La. 9/24/99), 744 So.2d 1274.
The contention that Thompson is entitled to a full hearing on resentencing is without merit. In Montgomery v. Louisiana , supra , the U.S. Supreme Court stated:
Miller' s conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders raises a grave risk that many are being held in violation of the Constitution.
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. * * * Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
Id. at 736 (emphasis added, citations omitted).
In short, eligibility for parole is the sole question to be answered in a Miller hearing. State v. Keith , 51,389 (La. App. 2 Cir. 6/21/17), 223 So.3d 767 ; State v. Shaw , 51,325 (La. App. 2 Cir. 5/17/17), 223 So.3d 607 ; State v. Sumler , 51,324 (La. App. 2 Cir. 5/2/17), 219 So.3d 503. In furtherance of Miller' s mandate, the Louisiana legislature in 2013 enacted La. C. Cr. P. art. 878.1 and R.S. 15:574E. Article 878.1 required a trial court to conduct a hearing before imposing a life without parole sentence on a juvenile murder defendant:
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce *306 any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.[1]
If the trial court imposes a life sentence with parole eligibility, R.S. 15:574.4E provided the conditions, including serving 35 years of the sentence imposed, before the defendant could apply to the parole board for parole consideration.[2]
In the instant case, the state did not attempt to show that Thompson was the worst of offenders. He received the substantive benefit of Miller and Montgomery , supra , and the due process of La. C. Cr. P. 878.1 and R.S. 15:574.4. A full resentencing hearing was not required, as no amount of mitigating evidence would warrant any lesser sentence than he has already received, the most lenient sentence available to him under the current law. The claim to relitigate the entire sentence is completely groundless. Montgomery v. Louisiana , supra ; State v. Keith , supra . This assignment of error lacks merit.
Constitutionality of R.S. 15:574.4E
By his second assignment of error, Thompson urges that R.S. 15:574.4E, as applied, resulted in an illegal sentence that did not meet the mandates of Miller and Montgomery , supra . The argument is premised on a theory extracted from State v. Craig , 340 So.2d 191 (La. 1976) : at the time of the offense, 1992,[3] the only available sentence for first degree murder was death or life without parole; however, if that sentence was found to be unconstitutional, the defendant could be sentenced only to the next lesser-included and responsive verdict, manslaughter, which carried a maximum of 21 years. From this premise, he argues, the 2013 enactment of R.S. 15:574.4Eincreased his maximum exposure by setting a minimum sentence of life with parole. This, he concludes, offends the constitutional protection against ex post facto laws, Rogers v. Tennessee , 532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001) ; State ex rel. Olivieri v. State , 2000-0172 (La. 2/21/01), 779 So.2d 735.
Thompson's reliance on State v. Craig , supra , is misplaced. Following the U.S. Supreme Court's decision in Selman v. Louisiana , 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed.2d 1212 (1976), which struck down Louisiana's then-mandatory death penalty for aggravated rape, the Louisiana Supreme Court held in Craig that defendants convicted of aggravated rape would be resentenced to the maximum term of imprisonment at the time of the offense for the next available responsive verdict, attempted aggravated rape. More recently, however, the same court has expressly declined to apply the Craig formula of "next available responsive verdict" in the context of aggravated rape committed when the offender was a juvenile. State v. Shaffer , 2011-1756 (La. 11/23/11), 77 So.3d 939, fn. 3. Tellingly, the court has never applied Craig to homicide sentences affected by *307 Miller v. Alabama and Montgomery v. Louisiana , supra , and this court (and others) have explicitly refused to do so. State v. Keith , supra ; State v. Plater , 51,338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897 ; State v. Graham , 2014-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, writ denied , 2015-1028 (La. 4/8/16), 191 So.3d 583 ; State v. Williams , 2015-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, writ denied , 2016-0332 (La. 3/31/17), 217 So.3d 358. There is no merit to the argument that Miller and Montgomery effectively reduced Thompson's sentencing exposure to the maximum for manslaughter, 40 years.[4]
The claim that R.S. 15:574.4E, as applied, creates an ex post facto violation is equally flawed. A law which "does not punish as a crime an act previously committed, which was innocent when done; nor make more burdensome the punishment for a crime, after its commission; nor deprive one charged with crime of any defense available according to law at the time when the act was committed" survives an ex post facto attack. Collins v. Youngblood , 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990) ; State v. Holloway , 2015-1233 (La. 10/19/16), 217 So.3d 343 ; State ex rel. Olivieri v. State , supra . Section 574.4 E neither criminalized any previously innocent conduct, increased any criminal penalty, nor deprived the accused of any defense. Using this intuitive analysis, the courts have explicitly rejected the argument that Sec. 574.4 E is unconstitutional. State v. Fletcher , 49,903 (La. App. 2 Cir. 10/1/14), 149 So.3d 934, writ denied , 2014-2205 (La. 6/5/15), 171 So.3d 945, cert. denied , --- U.S. ----, 136 S.Ct. 254, 193 L.Ed.2d 189 (2015) ; State v. Keith , supra ; State v. Plater , supra ; State v. Graham , supra ; State v. Doise , 2015-713 (La. App. 3 Cir. 2/24/16), 185 So.3d 335, writ denied , 2016-0546 (La. 3/13/17), 216 So.3d 808.
Thompson also contends that Sec. 574.4 E is unconstitutional because it permits the court to impose an arbitrary, excessive sentence. In support, he cites an unpublished Florida district court case and an Iowa Supreme Court case, State v. Lyle , 854 N.W.2d 378 (Iowa 2014). We find these cases unpersuasive, in light of the Supreme Court's holding in Montgomery that a state may "remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." Sec. 574.4 E's scheme of allowing a district court to resentence a juvenile homicide defendant to life with the benefit of parole, and setting a specific term (now 25 years) before the defendant may apply for parole, does no violence to Miller and Montgomery . This assignment of error lacks merit.
Claim for an Individualized Sentence
By his third assignment of error, Thompson urges the court erred in finding that State v. Montgomery , 2013-1163 (La. 6/28/16), 194 So.3d 606, precluded the trier of fact from considering an individualized sentence, particularly a term of years, for people who were unconstitutionally sentenced to die in prison as children. In support, he reiterates that he was entitled to the Craig formula of "next available responsive verdict," or a sentencing range of 2 to 40 years, an argument that lacks merit. He further argues that even if R.S. 15:574.4E authorizes life with eligibility for parole after a certain number of years, the trial court still may impose a lesser, determinate sentence, of a specific number of years. He contends that "courts across the *308 state of Louisiana have resentenced Miller defendants to a term of years." In support, he cites State v. Tate , 2012-2763 (La. 11/5/13), 130 So.3d 829, and an unpublished district court case from Franklin Parish. He suggests that the district court abused its discretion in not sentencing him to a specific term.
We are constrained to point out that State v. Tate , supra , was abrogated by the U.S. Supreme Court in Montgomery v. Louisiana , 136 S.Ct. at 732-735, as this court recognized in State v. Shaw , supra . Although we understand the rationale of Tate , we cannot consider it valid authority.
In general, a district court has discretion to find that a mandatory minimum sentence may indeed be excessive for a given offense and offender. State v. Dorthey , supra . However, in the context of a Miller hearing, the only question for the court is eligibility for parole. State v. Keith , supra ; State v. Shaw , supra ; State v. Sumler , supra . Thompson received the most lenient sentence available under the current law, and the state was not required to relitigate the entire sentence. This assignment of error lacks merit.
CONCLUSION
We have reviewed the entire record and find nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For the reasons expressed, Frederick Thompson Jr.'s sentence of life imprisonment at hard labor, with eligibility for parole, is affirmed.
AFFIRMED .

Art. 878.1 was subsequently amended by 2017 La. Acts No. 277, § 2, effective August 1, 2017, to restate that the "sole purpose of the hearing is to determine whether the sentence shall be imposed with or without parole eligibility[,]" among other minor changes.

R.S. 15:574.4 was subsequently amended by 2017 La. Acts No. 277, § 1, effective August 1, 2017, to reduce the required time to 25 years.

The date of the offense is incorrectly stated as 1983 in the counseled brief.

Approximately one month before the instant offense, the legislature raised the maximum sentence for manslaughter from 21 to 40 years. 1992 La. Acts No. 306, effective August 21, 1992.