MOORE, J.
After a jury trial in 1986, the appellant, Tony Ray Evans, was convicted of second degree murder committed with a firearm, a violation of La. R.S. 14:30.1 (1979) and 14:95.2 (1984). Evans, who was 15 years old at the time of the offense, was sentenced to mandatory life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. The conviction and sentence were upheld in State v. Evans , 512 So.2d 615 (La. App. 2 Cir. 1987), writ denied , 516 So.2d 367 (La. 1988). Subsequently, pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed. 2d 407 (2012), and Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed. 2d 599 (2016), Evans filed a motion to correct an illegal sentence. The trial court held a hearing, vacated Evans's sentence and resentenced him to life imprisonment at hard labor, with the benefit of parole. Following this ruling, the trial court conducted another hearing on what it considered to be a "motion for reconsideration," and it expressly "reentered" the sentence of "life with the possibility of parole under the appropriate statute." Evans then filed a motion to reconsider which was denied, and Evans entered this appeal.
For the reasons that follow, we affirm.
FACTS
Late in the evening of September 1, 1985, Tony Ray Evans, age 15, shot and killed Dewey Furr, the owner of a cabinet shop on Edwards Street in downtown Shreveport. Furr and his assistant, Richard Leber, were working late in the cabinet shop when Evans and an accomplice robbed the two men at gun point. Evans fired a single shot that struck Furr in the neck, killing him. Leber escaped from the building when the shot was fired and immediately called police.
Evans was apprehended a few days later after detectives located the gun he used in the shooting and the shirt he was wearing when he committed the crime. Evans was initially charged with first degree murder; however, by amended indictment, he was charged with second degree murder. Following *1114 trial, a jury returned a verdict of guilty as charged, and the court sentenced Evans to the mandatory life sentence at hard labor without benefit of probation, parole, or suspension of sentence. As noted above, this court affirmed the conviction and sentence in 1987.
Nearly 25 years later, the United States Supreme Court held that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without the possibility of parole for juvenile homicide offenders. Miller v. Alabama, supra.
Following this Supreme Court decision, on January 21, 2015, Evans filed a motion to correct an illegal sentence. Evans argued that his mandatory life without parole sentence was illegal under Miller v. Alabama because he was a juvenile at the time that he committed the crime. Citing State v. Tate , 12-2763 (La. 11/5/13), 130 So.3d 829, cert. denied, Tate v. Louisiana , --- U.S. ----, 134 S.Ct. 2663, 189 L.Ed.2d 214 (2014), the district court denied Evans' motion holding that Miller v. Alabama did not apply retroactively to juvenile offenders who exhausted their appeal process prior to the Miller v. Alabama decision.[1]
Four years after Miller, supra , the United States Supreme Court held that Miller applied retroactively in Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed. 2d 599 (2016). Subsequently, on March 3, 2016, Evans filed another motion to correct an illegal sentence on the basis that his original sentence was unconstitutional pursuant to Miller v. Alabama and Montgomery v. Louisiana. Evans maintained that he was entitled to present evidence of his reformation since his conviction and incarceration.
The state responded by filing a "State's Motion to Continue Resentencing Pending Legislative Resolution in Light of Montgomery v. Louisiana , [577]--- U.S. ----, 136 S.Ct. [at ]758[ 193 L.Ed.2d 599] (2016)," asking the court to delay setting a hearing on Evans's motion pending legislation that was currently being drafted to satisfy the requirements of Montgomery. The trial court ruled that it would set a resentencing hearing within the next six to eight weeks and give the state the opportunity to submit evidence of Evans's "irredeemable corruption," which was required by Miller, supra , and La. C. Cr. P. art. 878.1, to resentence Evans to life imprisonment without benefit of parole. Otherwise, the court said it would resentence Evans to life imprisonment with parole eligibility as determined by La. R.S. 15:574.4(E).
On July 18, 2016, the trial court vacated Evans's sentence and resentenced him to life at hard labor with the possibility of parole. The state expressly declined to submit any evidence regarding Evans's capacity for rehabilitation. The trial court held that, pursuant to Miller v. Alabama and Montgomery v. Louisiana , it was mandated to resentence Evans to life imprisonment with the possibility of parole as determined by La. R.S. 15:574.4(E). The trial court held that there was no need for an Art. 878.1 hearing because the state chose not to submit any evidence that Evans is "irredeemable," and, thus, the trial court must presume under Miller v. Alabama , that Evans is susceptible of rehabilitation.
On October 28, 2016, the Louisiana Supreme Court granted Evans's supervisory writ application challenging the trial court's denial of his January 21, 2015 motion to correct an illegal sentence. The court held as follows:
*1115 Writ granted; case remanded. In light of the Supreme Court's holding in Montgomery v. Louisiana , 577 U.S. ----, 136 S.Ct. 718, 193 L.Ed. 2d 599 (2016) that Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) announced a substantive rule of constitutional law that applies retroactively, we remand the case to the 1st Judicial District Court for further proceedings consistent with the views expressed in State v. Montgomery , 13-1163 (La. 6/28/16), 194 So.3d 606, and for resentencing pursuant to La. C. Cr. P. art. 878.1.
State ex rel. Tony Ray Evans v. State , 15-1058 (La. 10/28/16), 202 So.3d 991.
The trial court set the matter for hearing and appointed an attorney to represent Evans at the hearing. On January 18, 2017, the trial court conducted an evidentiary hearing under the provisions of Art. 878.1, on what it considered to be a hearing to reconsider its July 18, 2016 sentence. During the hearing, the state expressly declined to present any evidence. However, Evans presented evidence concerning his rehabilitation. At the conclusion of the hearing, the trial court held that, "the motion to reconsider the previous sentence that I reentered is reentered again, life with the possibility of parole under the appropriate statute."
On February 16, 2017, Evans filed a motion to reconsider the sentence, arguing that he should have been resentenced to a determinate number of years under his current murder conviction or under the sentencing provision for a conviction of manslaughter. The district court denied the motion pursuant to State v. Leason , 11-1757 (La. 11/23/11), 77 So.3d 933, wherein the Louisiana Supreme Court rejected the same arguments as those being made by Evans, and held that consideration of parole eligibility is the proper remedy for the defendant.
This appeal followed.
DISCUSSION
In a single assignment of error, Evans contends that the trial court erred in resentencing him to life with the possibility of parole. He argues that a mandatory life sentence for a juvenile offender, even with parole eligibility, is unconstitutionally excessive and contrary to Miller v. Alabama. Limiting resentencing consideration to parole eligibility only, he states, is not the substantive change mandated by Miller v. Alabama because it fails to take into account the "hallmark features" of the offender's "chronological age," such as the juvenile offender's immaturity, impetuosity, failure to appreciate risks and consequences of his actions, and most importantly, his "potential for reform." Furthermore, Evans maintains that a review limited to parole eligibility is merely "cosmetic" and is virtually meaningless under Louisiana's statutory parole scheme that establishes overly "arduous conditions" for eligible inmates to obtain parole.
Evans, who has been imprisoned for over 30 years since he was 15 years old, maintains that he should be immediately released or receive a determinate sentence in years for his murder conviction, citing Garnett v. Wetzel , No. CV 13-3439, slip op. 2016 WL 4379244 (E.D. Pa. Aug. 17, 2016). Alternatively, Evans suggests he should be resentenced to the maximum sentence of the next lesser responsive verdict, i.e. , manslaughter, which, at the time he was originally sentenced had a maximum sentence of 21 years, citing State v. Craig , 340 So.2d 191 (La. 1976). Either way, Evans asserts, a sentence for a determinate number of years would provide him the opportunity "to demonstrate to society that he has accepted responsibility for his conduct and taken advantage of the opportunity to be rehabilitated and to reenter society as a productive member while being punished in a reasonable and constitutional manner for his crime."
*1116 The state maintains that Evans's sentence complies with the mandate of the Supreme Court in Montgomery v. Louisiana, supra , and with the Louisiana statutory scheme amended or enacted to comply therewith, i.e., La. C. Cr. P. art. 878.1 and La. R.S. 15:574(G).
Hence, the central issue in this appeal is whether Miller v. Alabama, supra and Montgomery v. Louisiana, supra , required the district court, after holding a resentencing hearing in which it took evidence of Evans's rehabilitation, to fashion an individualized sentence for Evans with a determinate term of imprisonment less than life with the possibility of parole. For the following reasons, we conclude that the district court properly applied the mandates of Miller and Montgomery as implemented under current law in Louisiana.
Evans's argument rests on a federal district court case, Garnett v. Wetzel, supra , from the Western District of Pennsylvania. Trina Garnett, a juvenile offender convicted of murder and sentenced to life imprisonment without parole, filed a habeas petition in 2016 requesting that her sentence be vacated as a result of the Miller decision. While the petition was pending, the Supreme Court rendered Montgomery v. Louisiana supra , requiring states to hold hearings to resentence individual juvenile offenders serving life without parole sentences. The federal court granted the petition, holding that Miller and Montgomery mandated that Garnett be resentenced, taking into consideration the factors peculiar to [her] youthful status at the time of the offense and original sentencing. The court ordered that the sentencing hearing be conducted within the framework of Miller and Montgomery , and "adhere to the process dictated by those cases," which, it said, "means the court must consider the rationale for treating juveniles differently from adults and then account for those differences in determining an individualized proportionate sentence." Garnett, supra at *1.
The Garnett court noted that in Pennsylvania, the sentencing judge must fix both the minimum and the maximum sentence of the term of imprisonment.[2] It further stated:
Routinely fixing the maximum of each sentence at life contradicts a sense of proportionality and smacks of categorical uniformity. A sentencing practice that results in every juvenile's sentence with a maximum term of life, regardless of the minimum term, does not reflect individualized sentencing. Placing the decision with the Parole Board, with its limited resources and lack of sentencing expertise, is not a substitute for a judicially imposed sentence. Passing off the ultimate decision to the Parole Board in every case reflects an abdication of judicial responsibility and ignores the Miller mandate.
* * *
Fixing the maximum sentence at life permits the Parole Board to deny parole, effectively working to imprison the defendant for the duration of his life. As long as the Parole Board has the authority to refuse to grant parole, life without parole remains a possibility regardless of the individual's peculiar situation. If the sentencing court finds that the defendant is not corruptible and not incorrigible, it must impose a maximum sentence less than life to reflect that finding. (Emphasis supplied.)
The court remanded the case to the state district court to hold a resentencing hearing in accordance with the principles and requirements stated in its opinion.
*1117 This court has previously concluded that the Garnett court's reading of the resentencing requirements of Miller and Montgomery was unpersuasive for several reasons. In State v. Kelly , 51,246 (La. App. 2 Cir. 4/5/17), 217 So.3d 576, we stated:
We find that Garnett v. Wetzel, supra , cited by the defendant in support of his claim that the trial court was required to hold a resentencing hearing and consider the factors set forth in Miller , is distinguishable from the instant case and unpersuasive. In Garnett , the defendant filed a federal habeas petition requesting a resentencing hearing in light of Montgomery and Miller , and the federal district court remanded the case to state court to conduct a Miller hearing. The federal court also noted that in Pennsylvania, a sentencing judge is required to set both the minimum and maximum sentences to which a defendant may have to serve. However, the sentencing statute in effect at the time the defendant was originally sentenced had been declared unconstitutional, and the legislature had failed to enact a new sentencing statute for juvenile homicide defendants who committed their crimes prior to 2012. Thus, the state faced a dilemma as to how to resentence the defendant and similarly situated offenders. The court also appeared to criticize the decision of some sentencing courts to set a maximum sentence of life imprisonment, but leave to the Parole Board the task of determining whether a defendant should be granted parole pursuant to Miller .
We also rejected the claim that Louisiana's sentencing scheme for juvenile homicide defendants fails to comply with the Miller requirements, State v. Kelly, supra. Miller held that sentencing schemes which require mandatory life without parole for juvenile homicide defendants violate the Eighth Amendment's prohibition against cruel and unusual punishment, but it expressly did not invalidate sentencing schemes which allowed for a life without parole sentence for the worst juvenile homicide defendants whose crime demonstrates irreparable corruption. However, before imposing such a sentence, the sentencing court is required to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison. Id. at p.12-13; 217 So.3d at 584. Additionally, in Montgomery, supra , the court stated:
Giving Miller retroactive effect ... does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them . * * * Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.
Id. at 736 (emphasis added, citations omitted).
Accordingly, we have repeatedly said that eligibility for parole is the sole question to be answered in a Miller hearing. State v. Keith , 51,389 (La. App. 2 Cir. 6/21/17), 223 So.3d 767 ; State v. Shaw , 51,325 (La. App. 2 Cir. 5/17/17), 223 So.3d 607 ; State v. Sumler , 51,324 (La. App. 2 Cir. 5/2/17), 219 So.3d 503.
Furthermore, the Louisiana legislature in 2013 enacted La. C. Cr. P. art. 878.1 and R.S. 15:574.4E to comply with Miller's mandate. Prior to August 1, 2017, Art. 878.1 required a trial court to conduct a hearing before imposing a life without parole *1118 sentence on a juvenile murder defendant:
A. In any case where an offender is to be sentenced to life imprisonment for a conviction of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense, a hearing shall be conducted prior to sentencing to determine whether the sentence shall be imposed with or without parole eligibility pursuant to the provisions of R.S. 15:574.4(E).
B. At the hearing, the prosecution and defense shall be allowed to introduce any aggravating and mitigating evidence that is relevant to the charged offense or the character of the offender, including but not limited to the facts and circumstances of the crime, the criminal history of the offender, the offender's level of family support, social history, and such other factors as the court may deem relevant. Sentences imposed without parole eligibility should normally be reserved for the worst offenders and the worst cases.[3]
If the trial court imposes a life sentence with parole eligibility, R.S. 15:574.4E provided the conditions, including serving 35 years (now 25 years) of the sentence imposed, before the defendant could apply to the parole board for parole consideration. R.S.15:574.4 was amended by 2017 La. Acts No. 277, section 1, to reduce the required time to 25 years.[4]
Evans received the hearing required by this statute and presented evidence of his rehabilitation. The state did not attempt to show that Evans was the worst of offenders. Evans received the substantive benefit of Miller and Montgomery , supra , and the due process of La. C. Cr. P. 878.1 and R.S. 15:574.4. He received a hearing in which he presented an impressive amount of evidence of his rehabilitation and engagement in constructive activities while serving his sentence. Many of Evans's accomplishments appear to satisfy the parole eligibility requirements of R.S. 15:574.4G. Nevertheless, no amount of mitigating evidence will warrant any lesser sentence than the sentence he has already received, which is the most lenient sentence available to him under current Louisiana law. Montgomery v. Louisiana, supra ; State v. Keith , supra .
Evans also argues that he should be resentenced to the lesser responsive verdict of manslaughter because the mandatory sentencing provision under which he was sentenced was held to be unconstitutional. Since there was no statutory provision which permitted a life sentence with parole, he should receive a sentence for the next responsive verdict of manslaughter.
This argument is based on State v. Craig , supra . After the U.S. Supreme Court struck down Louisiana's then-mandatory death penalty for aggravated rape in Selman v. Louisiana , 428 U.S. 906, 96 S.Ct. 3214, 49 L.Ed. 2d 1212 (1976), the Louisiana Supreme Court held in State v. Craig that defendants convicted of aggravated rape would be resentenced to the maximum term of imprisonment at the time of the offense for the next available *1119 responsive verdict, attempted aggravated rape. In this instance, the only available sentence for second degree murder was life without parole. Since that sentence was found to be unconstitutional, Evans argues he could be sentenced only to the next lesser-included and responsive verdict, manslaughter, which carried a maximum of 21 years. Evans argues that despite the fact that the Supreme Court rejected this route in some later decisions, State v. Craig has never been expressly overruled, and therefore, it is still controlling.
In fact, the Louisiana Supreme Court has expressly declined to apply the Craig formula of "next available responsive verdict" in the context of aggravated rape committed when the offender was a juvenile. State v. Shaffer , 2011-1756 (La. 11/23/11), 77 So.3d 939, fn. 3. Even more telling is the fact that the court has never applied Craig to homicide sentences affected by Miller v. Alabama and Montgomery v. Louisiana , supra , and this court (and others) have explicitly refused to do so. State v. Keith , supra ; State v. Plater , 51,338 (La. App. 2 Cir. 5/17/17), 222 So.3d 897 ; State v. Graham , 2014-1769 (La. App. 1 Cir. 4/24/15), 171 So.3d 272, writ denied , 2015-1028 (La. 4/8/16), 191 So.3d 583 ; State v. Williams , 2015-0866 (La. App. 4 Cir. 1/20/16), 186 So.3d 242, writ denied , 2016-0332 (La. 3/31/17), 217 So.3d 358. This argument is without merit.
Evans maintains that a sentencing court must fashion an individualized determinate sentence to comply with Miller's mandate, and a life sentence with or without parole violates this mandate. In general, a district court has discretion to find that a mandatory minimum sentence may indeed be excessive for a given offense and offender. State v. Dorthey , 623 So.2d 1276 (La. 1993). However, in the context of a Miller hearing, the only question for the court is eligibility for parole. State v. Keith , supra ; State v. Shaw , supra ; State v. Sumler , supra . Parole eligibility provides "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." Graham v. Florida , 560 U.S. 48, 130 S.Ct. 2011, 2030, 176 L.Ed.2d 825 (2010).
Evans maintains that a sentence of life with parole is essentially a life sentence because the requirements to be considered for parole under La. R.S. 15:574.4 are too arduous and there is always the possibility that the Parole Board will deny parole regardless of the merits of the individual's situation. Evans has presented no evidence to support either of these claims.
We therefore conclude that Evans received the most lenient sentence available under the current law, and the state was not required to relitigate the entire sentence.
This assignment of error is without merit.
ERROR PATENT
Pursuant to Miller v. Alabama, supra and Montgomery v. Louisiana, supra , on July 18, 2016, Evans was resentenced to life imprisonment at hard labor with benefit of parole. On January 18, 2017, after a hearing on reconsideration of the July 18, 2016 sentence, the trial court orally held that "the motion to reconsider the previous sentence that I reentered is reentered again, life with the possibility of parole under the appropriate statute." However, in the trial court's ruling, dated March 3, 2017, wherein the trial court denied Evans's motion to reconsider the January 18, 2017 sentence, the trial court stated as follows: "On January 18, 2017, Petitioner's case was taken up on an evidentiary hearing under the provisions of Article 878.1. For reasons orally assigned, the Court resentenced Petitioner to life imprisonment at hard labor with the possibility of parole." The minutes of the January *1120 18, 2017, hearing do not reflect that Evans is sentenced to hard labor.
Because of the trial court's failure to clearly include the requirement that Evans's life imprisonment be served at hard labor, the sentence is illegally lenient. An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). Further, the appellate court may notice sentencing errors as error patent. State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790. Because La. R.S. 14:30.1 is a mandatory felony, requiring any sentence to be served at hard labor, the error is harmless and self-correcting. State v. Foster , 50,535 (La. App. 2 Cir. 4/13/16), 194 So.3d 674.
Accordingly, we amend the defendant's sentence to reflect that the sentence is to be served at hard labor, and hereby order the sentencing court to amend its court minutes to reflect this change.
CONCLUSION
For the foregoing reasons, Tony Ray Evans's sentence of life imprisonment with parole eligibility is affirmed. We amend the sentence to reflect that it is to be served at hard labor and order the sentencing court to amend its court minutes to reflect this change.
SENTENCE AFFIRMED AS AMENDED.

Evans sought a writ from this court which was denied. (See No. 50,093.) Subsequently, Evans sought a writ from the Louisiana Supreme Court which, as discussed herein, was granted on October 28, 2016.

Under Pennsylvania law, a Parole Board cannot parole a person serving a life sentence, and can only grant parole after the minimum term of imprisonment has expired.

Article 878.1 was subsequently amended by 2017 La. Acts No. 277, section 2, effective August 1, 2017, to restate that the "sole purpose of the hearing is to determine whether the sentence shall be imposed with or without parole eligibility[.]" among other minor changes.

For juvenile offenders whose indictment for the offense was prior to August 1, 2017, R.S. 15:574.4G applies, although the statute appears to be identical to 15:574.4E.