COX, J.
This appeal arises from the First Judicial District Court, Caddo Parish, Louisiana. James Sullivan ("Sullivan") appeals the sentence imposed at his Miller/Montgomery resentencing proceedings. A timely motion to reconsider sentence was denied. For the following reasons, we affirm.
FACTS
On September 25, 1992, Sullivan was charged with the first degree murder of Richard Jewel, committed when Sullivan was 17 years old. On April 14, 1993, Sullivan pled guilty to second degree murder and received the mandatory life sentence without the benefit of parole, probation, or suspension of sentence.
On April 25, 2017, Sullivan filed a pro se motion to correct illegal sentence, requesting a new sentencing hearing pursuant to Miller v. Alabama , 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), and Montgomery v. Louisiana , --- U.S. ----, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016). On June 5, 2017, the trial court granted Sullivan's request for a resentencing hearing and appointed counsel to represent him.
On August 2, 2017, Sullivan appeared for resentencing. The State indicated that it was not seeking to have Sullivan resentenced to life without parole. Sullivan's counsel requested a continuance, however, seeking additional time to become familiar with the case and with Sullivan, who had a death in the family and had not made contact with counsel. Further, his counsel argued that due to the lack of evidence he had at the time, he was not prepared to present mitigating evidence or make a case for why his client deserved less than the statutory minimum sentence. The State argued that the trial court's only option was to sentence Sullivan to life with the benefit of parole because the State was not seeking to limit his parole eligibility, *913 and Sullivan had not provided any evidence to establish that a downward departure from the minimum second degree murder sentence was justified.
The trial court denied defense counsel's request for a continuance, noting that it had no discretion to bypass the remedy fashioned by Miller / Montgomery and the Louisiana Legislature for this case, which was the imposition of a life sentence with the benefit of parole. The trial court resentenced Sullivan to life with the possibility of parole, without the benefit of probation or suspension of sentence.
On October 13, 2017, Sullivan submitted a written motion to reconsider sentence asserting that his life sentence, now imposed with parole eligibility, was nevertheless constitutionally excessive. He argued that parole eligibility did not effect a substantive change in Louisiana sentencing for juvenile offenders and was "pure fiction" because the parole board did not "often, if ever, release people convicted of homicide on pardon or parole." Further, Sullivan asserted that the Louisiana Legislature's enactment of La. R.S. 15:574.4 and La. C. Cr. P. art. 878.1, in response to Miller , was a "cosmetic response" which "past[ed] a label of 'eligible' atop the same old life sentence." He contended that the "mere possibility" announced in the "Louisiana revision" was of no substance and did not satisfy Miller .
Sullivan also maintained that he should receive a determinate sentence in years for his murder conviction, citing Garnett v. Wetzel , No. CV 13-3439, 2016 WL 4379244 (E.D. Pa.), involving a juvenile convicted of murder and sentenced to life imprisonment without parole, who filed a habeas petition in 2016 requesting that her sentence be vacated as a result of Miller . In that case, the federal court granted the petition, holding that Miller and Montgomery mandated that Garnett be resentenced, taking into consideration the factors peculiar to her youthful status at the time of the offense and original sentencing. In light of the parole board's authority to refuse to grant parole, the federal court ordered the sentencing court to impose a maximum sentence less than life, if the sentencing court found that the defendant was "not corruptible and not incorrigible."
Ultimately, Sullivan requested that he be granted a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation."
On October 13, 2017, the trial court issued a written ruling denying Sullivan's motion to reconsider sentence. Specifically, the trial court held that Sullivan's life sentence with parole eligibility gave him a meaningful opportunity to obtain release and complied with the Miller mandate. The trial court rejected Sullivan's claims that the State "rarely releases homicide offenders on parole," as being unsupported by facts, references, or citations and reliance on Garnett v. Wetzel, supra , which it found to be "neither controlling nor persuasive." The instant appeal followed.
DISCUSSION
On appeal, Sullivan contends that the trial court erred in denying a continuance of the resentencing hearing and a hearing on his motion to reconsider sentence on grounds that were "illogical and legally wrong." He believes a continuance of the resentencing hearing should have been granted because his counsel had "only been appointed for two months" and needed time to look over the record to determine if a life sentence with the possibility of parole was constitutionally excessive. Additionally, Sullivan argues that he should have been afforded a hearing on the motion to reconsider sentence after the introduction of significant facts and mitigating evidence to support a downward *914 departure from the mandatory life sentence.
The decision whether to grant or refuse a motion for a continuance rests within the sound discretion of the trial judge, and a reviewing court will not disturb such a determination absent a clear abuse of discretion. La. C. Cr. P. art. 712 ; State v. Jordan , 50,002 (La. App. 2 Cir. 8/12/15), 174 So.3d 1259, writ denied , 2015-1703 (La. 10/10/16), 207 So.3d 408.
Under La. R.S. 14:30.1, the penalty for a conviction of second degree murder is a mandatory sentence of life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence. However, in Miller, supra , the United States Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." The Miller Court did not establish a categorical prohibition against life imprisonment without parole for juvenile homicide offenders; instead, the decision requires the sentencing court to consider an offender's youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest penalty for juveniles convicted of a homicide offense. State v. Williams , 2012-1766 (La. 3/8/13), 108 So.3d 1169.
The Supreme Court also determined in Montgomery v. Louisiana, supra , that Miller announced a substantive rule of constitutional law that applies retroactively. The Court addressed the issue of retroactivity as follows:
Giving Miller retroactive effect, moreover, does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a Miller violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them. See, e.g. , Wyo. Stat. Ann. § 6-10-301(c) (2013) (juvenile homicide offenders eligible for parole after 25 years). Allowing those offenders to be considered for parole ensures that juveniles whose crimes reflected only transient immaturity-and who have since matured-will not be forced to serve a disproportionate sentence in violation of the Eight Amendment. (Emphasis added.)
Montgomery v. Louisiana, supra at 736.
In response to Miller , our legislature enacted La. C. Cr. P. art. 878.1, amended effective August 1, 2017, to provide in relevant part:
...
B. (1) If an offender was indicted prior to August 1, 2017, for the crime of first degree murder ( R.S. 14:30 ) or second degree murder ( R.S. 14:30.1 ) where the offender was under the age of eighteen years at the time of the commission of the offense and a hearing was not held pursuant to this Article prior to August 1, 2017, to determine whether the offender's sentence should be imposed with or without parole eligibility, the district attorney may file a notice of intent to seek a sentence of life imprisonment without the possibility of parole within ninety days of August 1, 2017. If the district attorney timely files the notice of intent, a hearing shall be conducted to determine whether the sentence shall be imposed with or without parole eligibility. If the court determines that the sentence shall be imposed with parole eligibility, the offender shall be eligible for parole pursuant to R.S. 15:574.4(G). If the district attorney fails to timely file the notice of intent, the offender shall be eligible for parole pursuant to R.S. 15:574.4(E) without the need of a judicial determination *915 pursuant to the provisions of this Article. If the court determines that the sentence shall be imposed without parole eligibility, the offender shall not be eligible for parole. (Emphasis added.)
Further, the Legislature enacted La. R.S. 15:574.4 which provides the conditions required to be met in order for the offender to be considered for parole.
In State v. Montgomery , 2013-1163 (La. 6/28/16), 194 So.3d 606, courts were instructed to utilize La. C. Cr. P. art. 878.1 and La. R.S. 15:574.4 when reviewing sentences for juvenile homicide defendants convicted and sentenced before Miller .
The sole question to be answered in a Miller hearing is whether the defendant should be eligible for parole. State v. Keith , 51,389 (La. App. 2 Cir. 6/21/17), 223 So.3d 767 ; State v. Sumler , 51,324 (La. App. 2 Cir. 5/2/17), 219 So.3d 503. Accordingly, there is no consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor. Rather, the trial court considers only whether the mandatory sentence should include parole eligibility. State v. Jackson , 51,527 (La. App. 2 Cir. 8/9/17), 243 So. 3d 1093, writ denied , 2017-1540 (La. 5/25/18), 243 So.3d 565 ; State v. Keith, supra . Access to the parole board for consideration of parole meets the requirements of Miller . State v. Jackson, supra . Giving Miller retroactive effect does not require states to relitigate sentences in every case where a juvenile offender received mandatory life without parole. State v. Keith, supra .
The underlying basis for both of Sullivan's arguments on appeal is that he should be entitled to a hearing to present mitigating evidence to establish that his life sentence with the possibility of parole was excessive. However, this Court has consistently held that the sole question to be answered in a Miller hearing is whether the defendant should be eligible for parole, and that at the hearing, there is no consideration of whether there should be a downward departure from the mandatory sentence of life imprisonment at hard labor.
Moreover, under La. C. Cr. P. art. 878.1, Sullivan was not entitled to a hearing because the State did not seek to impose his life sentence without parole eligibility. He was granted all to which he was entitled. After reviewing the record, we find that there was no abuse of discretion in the trial court's denial of Sullivan's request for a continuance of the resentencing hearing. Likewise, the trial court did not abuse its discretion in denying Sullivan's motion and request for a hearing to reconsider his sentence.
CONCLUSION
For the foregoing reasons, Sullivan's sentence of life imprisonment at hard labor with the possibility of parole is affirmed.
AFFIRMED.